# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JAY RICHARDSON, Individually and for Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>NES GLOBAL TALENT US INC.,<br><br>    Defendant. | Case No. _____<br><br><br>Jury Trial Demanded<br><br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. NES Global Talent US Inc. (NES) has failed to pay Jay Richardson (Richardson), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, NES pays Richardson, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Richardson brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. Richardson worked for NES in this District in Harris County, Texas.

### THE PARTIES

7. Richardson is an hourly employee of NES.

8. Richardson has worked for NES since approximately April 2019.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. NES is headquartered in Altrincham, United Kingdom.

11. NES is a company doing business throughout the United States, including in Harris County, Texas. NES may be served by serving its registered agent: Paul Kelly at One Memorial City Plaza, 800 Gessner Road, Suite 310, Houston, Texas 77024.

## COVERAGE UNDER THE FLSA

12. At all relevant times, NES was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, NES was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, NES was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, NES had an annual gross volume of sales made in excess of $1,000,000.

16. At all relevant times, Richardson and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. NES is a staffing company that provides recruitment services to the oil and gas industry, among others. *See generally* https://www.NES.com/uoss (Last visited January 9, 2020).

18. Richardson has worked for NES from approximately April 2019 to Present.

2

19. Richardson performs work for NES at its customer's (Braskem America, Inc.) polypropylene plant production plant in Deer Park, Texas.

20. Richardson is a Commissioning Subject Matter Expert ("SME") for NES.

21. As a Commissioning SME, Richardson drafts procedures and start-up plans to facilitate the transition of plant operations from their construction phase to being actively operational.

22. Richardson reports the hours he works to NES on a regular basis.

23. Richardson is not guaranteed a salary.

24. If Richardson works fewer than 40 hours in a week, he is only paid for the hours works.

25. Richardson regularly worked over 40 hours in a week.

26. In fact, Richardson routinely works five 10-hour shifts per week. Frequently, Richardson works a six to seven 10-hour shifts.

27. Although he often worked 50 or even 70 or more hours per workweek, NES never paid Richardson any overtime but, rather, paid him straight-time-for-overtime as shown on the following earnings statement:

| EARNINGS | | | | | | |
|---|---|---|---|---|---|---|
| | DESCRIPTION | HRS/ UNITS | RATE | CURRENT ($) | YTD HRS/ UNITS | YTD ($) |
| | BASIC | 125.00 | 105.0000 | 13125.00 | 1185.00 | 124425.00 |
| | BASIC 1 | | | | 53.00 | 5565.00 |
| | BASIC 2 | | | | 10.00 | 1050.00 |
| | GTL (IN) | | | 47.65 | | 47.65 |
| | HOURS WORKED | 125.00 | | | 1238.00 | |
| | ADJ EARNINGS | | | 13172.65 | | 131087.65 |
| | GROSS EARNINGS | 125.00 | | 13172.65 | 1248.00 | 131087.65 |

28. The hours Richardson and the Putative Class Members (defined below) work are reflected in NES's records.

29. Rather than receiving time and half as required by the FLSA, Richardson only receives "straight time" pay for overtime hours worked.

30. NES's "straight time for overtime" payment scheme violates the FLSA.

31. NES was and is aware of the overtime requirements of the FLSA.

32. NES nonetheless fails to pay certain employees, such as Richardson, overtime.

33. NES did not guarantee Robertson and Putative Class Members a salary.

34. NES's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

35. NES's illegal "straight time for overtime" policy extends beyond Richardson.

36. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

37. NES pays dozens of workers using the same unlawful scheme.

38. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

39. The workers impacted by NES's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

40. Therefore, the class is properly defined as:

**All employees of NES who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

4

## COLLECTIVE CAUSES OF ACTION

41. Richardson incorporates all previous paragraphs and alleges that the illegal pay practices NES imposed on Richardson were likewise imposed on the Putative Class Members.

42. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

43. Numerous other individuals, like Richardson, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

44. Based on his experiences and tenure with NES, Richardson is aware that NES's illegal practices were imposed on the Putative Class Members.

45. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

46. NES's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

47. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

48. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

49. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

50. Richardson demands a trial by jury

**PRAYER**

51. Richardson prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding NES liable for unpaid back wages due to Richardson and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
Fed. Id. 27157
**Andrew W. Dunlap**
State Bar No. 24078444
Federal ID No. 1093163
**Carl A. Fitz**
State Bar No. 24105863
Fed. Id. 3158237
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**