United States District Court
Southern District of Texas
**ENTERED**
August 16, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAY RICHARDSON, *individually and for others similarly situated*, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-20-223 |
| v. | § § | |
| NES GLOBAL, LLC, | § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

NES Global, LLC moves for reconsideration of this court's April 17, 2024, Memorandum and Opinion, in which the court granted in part and denied in part Richardson's motion for partial summary judgment and granted in part and denied in part NES's motion for summary judgment. (Docket Entry No. 146).  NES asks the court to reconsider the grant of Richardson's motion for partial summary judgment and the denial of NES's motion for summary judgment as to its exemption defense. (Docket Entry No. 148 at 1).

NES argues that the court's opinion applied an incorrect legal standard in evaluating NES's exemptions under the FLSA. This court acknowledges that it twice referred to an outdated legal standard—the "narrow construction" standard—by citing *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002). (Docket Entry No. 146 at 7, 15). Notwithstanding the outdated citation, the opinion did not rely on the "narrow construction" standard in the analysis. Instead, this court correctly applied the standards set out in *Hewitt*, *Gentry*, and *Alvarez*. (Docket Entry No. 146 at 9-16). Based on the motion, the response, the reply, and the applicable law, the court denies the motion for reconsideration.  The reasons are set out below.

## I.      The Standard for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F. 3d 336, 339 (5th Cir. 1997).  However, the Federal Rules allow a party to request a court to revise an interlocutory order that does not resolve the entire proceeding. *See Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013) (citing *Moody v. Seaside Lanes*, 825 F.2d 81, 85, & n.3 (5th Cir. 1987)). Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F. 3d 472, 479 (5th Cir. 2013) (citing *Saqui v. Pride Cent. Am., LLC*, 595 F. 3d 206, 210–11 (5th Cir. 2010)). Although neither Rule 59 nor 60 applies, *see Compaq Computer Corp. v. Ergonome Inc.*, No. H-97-CV-1026, 2001 WL 34104829, at *1 n.2 (S.D. Tex. June 26, 2001), "considerations similar to those under Rule 59(e) inform the court's analysis." *EnerQuest Oil & Gas, LLC v. Plains Expl. & Prod. Co.*, No. 12-CV-542, 2014 WL 1652599, at *3 (W.D. Tex. Apr. 24, 2014); *see also Deeds v. Whirlpool Corp.*, No. H-15-CV-2208, 2017 WL 3437772, at *12 (S.D. Tex. Aug. 10, 2017), *aff'd*, 764 F. App'x 407 (5th Cir. 2019) ("[M]otions to reconsider are not the proper vehicle for rehashing old arguments or raising arguments that could have been presented previously.").

## II.     Analysis

NES argues that reconsideration is warranted for five reasons:

(1) the Court's application of the incorrect standard with respect to exemptions from the FLSA's overtime requirements; (2) the impact [of] the Fifth Circuit's decision to withdraw

its opinion in *Gentry*—the case on which this Court (and the *Alvarez* court) heavily relied in concluding that the Reasonable Relationship Test applied here; (3) the Court's inconsistency with other precedent finding that the Reasonable Relationship Test does not apply to hybrid pay structures similar to NES's Retainer plus hourly rate pay structure; (4) the lack of clarity as to whether the Court considered the fact that NES properly availed itself of Window of Correction payments court applied the incorrect standard with respect to its alleged exemptions from the FLSA's overtime requirements; and (5) to prevent manifest injustice.

(Docket Entry No. 148 at 1). None of these grounds justifies granting reconsideration.

The FLSA exempts "highly compensated employees." 29 C.F.R. § 541.601. NES argues that this court's reference to the "narrow construction" standard of interpreting exemptions merits reconsideration of the court's ruling that the highly compensated employee exemption did not apply. (Docket Entry No. 148 at 4). The "narrow construction" standard is indeed outdated, and the court erred in citing it at all. "[O]n motion, or on its own, with or without notice," a court "may correct . . . a mistake arising from oversight . . . whenever one is found" in an order. Fed. R. Civ. P. 60(a). The court acknowledges that the citation of this standard was mistaken.

However, the court did not apply the narrow construction standard in its analysis. The court instead applied the correct standard from the Supreme Court's decision in *Hewitt*, which requires both that the employer guarantee the employee at least $684 each week "regardless of the number of hours, days or shifts worked" and that the guaranteed amount must bear a "reasonable relationship" to the "amount actually earned" in a typical week. *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39 (2023); 29 C.F.R. § 541.604. This "reasonable relationship" standard has been applied in the Southern District of Texas in *Gentry* and *Alvarez*. (Docket Entry No. 146).

NES argues that reliance on *Gentry* and *Alvarez* is "misguided," because the Fifth Circuit's withdrawal of the *Gentry* opinion was a "material change" in the highly compensated employee exemption analysis. (Docket Entry No. 148 at 5). NES's argument is unavailing. First, as noted, this court's opinion relied not only on *Gentry* and *Alvarez*, but also on *Hewitt*. (Docket Entry No.

3

146 at 9–16). Second, the Fifth Circuit's reissued opinion in *Gentry* did not result in a "material change" that mooted "nearly all precedent regarding the application of the reasonable relationship test to [NES's] pay practices[.]" (Docket Entry No. 148 at 6-7). In fact, the opinion reissued in *Gentry* after NES filed the motion for reconsideration was materially similar to the initial opinion and "again affirm[ed] the district court's judgment that the workers here were not exempt." *Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712, 716 (5th Cir. 2024).

NES also argues that the court should have considered precedent from other cases. NES points to the unpublished Fifth Circuit opinion in *Hebert*, which concerned additional pay that was a "premium payment for . . . specific services" during abnormal times and in different locations than the usual employment conditions. *Hebert v. FMC Techs., Inc*., No. 22-20562, 2023 WL 4105427, at *2 (5th Cir. June 21, 2023). The payments in *Hebert* were, in essence, bonuses. In this case, by contrast, NES's "additional" pay was for additional hours of regular work. NES also points to *Pickens*, an unpublished opinion from the Middle District of Tennessee that conflicts with the Fifth Circuit's opinion in *Gentry*. *Pickens v. Hamilton-Ryker It Sols., Inc.*, No. 3:20-CV-00141, 2024 WL 1337185, at *5 (M.D. Tenn. Mar. 28, 2024). This out of district precedent is not binding on this court, especially when there is Fifth Circuit precedent to the contrary.

Finally, NES points to *Litton v. Preferred Eng'g LP*, No. 4:20-cv-02697, 2024 WL 1251517 (S.D. Tex. Mar. 22, 2024), which reached a different result. While there are substantial factual similarities between *Litton* and this case, *Litton* is distinguishable. First, in *Litton,* the "Plaintiffs were guaranteed a weekly rate for a 30-hour week whether they worked it or not, and so their pay wasn't determined according to the *exact* number of hours worked per week." *Id.* at *3. This separates *Litton* both from *Alvarez* and from the present case. The plaintiffs in this case have shown that they were paid less than the guaranteed amount if they worked fewer hours than

usual. (Docket Entry No. 100 at 13). Second, *Litton* was decided two months before the Fifth Circuit reissued the *Gentry* opinion, which clarified the applicable standard and instructed "courts to take a hard look at whether a purported 'salary' truly compensates employees for a week's worth of work or, instead, provides an artificial distinction between a salary and additional compensation." *Gentry*, 102 F.4th at 725. Although the court has attempted to follow the Fifth Circuit's instruction, there is conflicting district court case law on whether the highly compensated employees exemption applies to employees paid by flexible retainer.

Applying the instruction from *Gentry* and the precedent in *Hewitt*, this court reaffirms its original holding that § 604(b)—and not § 602(a)—applies to NES's pay structure for the plaintiffs. (Docket Entry No. 146 at 14) ("While NES's Retainer policy might satisfy the salary-*level* requirement, that does not mean it satisfies the salary-*basis* test. As in *Hewitt*, the plaintiffs' weekly pay could be as little as their weekly guarantee or several times greater, depending on how much time they worked above the number of hours their Retainer was based on."). 29 C.F.R. § 541.604 requires NES's guaranteed salary to bear a "reasonable relationship" to the "amount actually earned" in a typical week. As in *Alvarez* and *Gentry*, NES "d[id] not even attempt to satisfy the reasonable relationship test, which alone is fatal to its claimed exemptions." *Alvarez v. NES Glob., LLC*, --- F. Supp. 3d ----, 2023 WL 911908, at *8 (S.D. Tex. Dec. 29, 2023) (quoting *Gentry*, 2022 WL 658768, at *6). Only after deciding that NES's exemption argument fails on the *Alvarez* reasonable-relationship grounds did the opinion incorrectly cite, in a "see also" parenthetical, the narrow construction standard laid out in *Tyler*, 304 F.3d at 402. *Id.* This incorrect citation had no bearing on the legal analysis or conclusion in the opinion.

There is no basis for reconsideration because NES did not attempt to prove a reasonable relationship between the plaintiffs' salary and the amount actually earned. The facts show that

Richardson, the lead plaintiff, had an average earning ratio of 5.24-to-1, far beyond the 1.5-to-1 ratio that courts accept as the cutoff for a reasonable relationship. (Docket Entry No. 100 at 19–20); *Gentry*, 102 F.4th at 720 (5th Cir. 2024) ("The regulations explain that a salary is 'roughly equivalent'' to an employee's weekly earnings when the ratio of usual earnings to salary is 1.5 to 1.").

NES's motion for reconsideration is denied.

SIGNED on August 16, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge