IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAY RICHARDSON, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C. A. NO. 4:20-cv-00223 |
| NES GLOBAL, LLC, | § § § | |
| *Defendant*. | § § § | |

---

**DEFENDANT NES GLOBAL, LLC'S RESPONSE TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES
RE: THE OFFER OF JUDGMENT PLAINTIFFS**

---

**BAKER & HOSTETLER LLP**

Ashlee Cassman Grant, *attorney in charge*
Texas Bar No. 24082791
Federal ID No. 1607786
Jennifer R. DeVlugt
Federal ID No. 3323698
Texas Bar No. 24094624
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1316
Fax: (713) 751-1717
agrant@bakerlaw.com
jdevlugt@bakerlaw.com

Justin A. Guilfoyle
45 Rockefeller Plaza
New York, New York 10111
Phone: (212) 589-4200
Fax: (212) 589-4201
jguilfoyle@bakerlaw.com

**ATTORNEYS FOR DEFENDANT,
NES GLOBAL, LLC**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I.      INTRODUCTION ..........................................................................................1

II.     ARGUMENT AND AUTHORITIES ............................................................2

    A.     Legal Standard. ...................................................................................... 2

    B.     Despite it Being Plaintiffs' Burden to Prove the Reasonableness of the Attorneys' Fees They Are Seeking, Plaintiffs Failed to Submit Any Detailed Time Records Supporting Their Demand for Fees............................................................................................ 2

    C.     The Hourly Rates Proposed by Plaintiffs' Counsel Are Unreasonable. ......................... 5

    D.     Plaintiffs Seek Payments for Unreasonable Hours That Must Be Reduced. ................. 9

       1.     Plaintiffs' Extremely Vague and Nondescript Hours Should Be Deducted from any Fee Award. ...................................................................... 9

       2.     Plaintiffs' Counsel's Excessive Time Should Be Reduced. ..................................... 11

       3.     Plaintiffs Cannot Recover Fees for Time Spent on Issues Unrelated to the OOJ Plaintiffs............................................................................. 12

       E.Plaintiffs Are Not Entitled to an Enhancement under the *Johnson* Factors; Instead, The Lodestar Amount Should Be Adjusted Downward. .............................................. 13

III.    CONCLUSION..............................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Acosta v. Lifetime Living, Inc.*,
    No. 7:18-CV-191, 2020 WL 10758975 (S.D. Tex. Nov. 6, 2020) ...........................................9

*Barrow v. Greenville Indep. Sch. Distr.*,
    No. 3:00-CV-0913-D, 2005 WL 6789456 (N.D. Tex. Dec. 20, 2005), *aff'd*,
    No. Civ. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007)......................................10, 11

*Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*,
    No. 5:17-CV-808, 2021 WL 3137421 (W.D. Tex. Feb. 22, 2021)........................................12

*Bliss v. Biocompatibles Int'l PLLC*,
    No. SA-13-CV-667-XR, 2019 WL 79488 (W.D. Tex. January 1, 2019)................................7

*Calsep A/S v. Intelligent Petroleum Software Sols., LLC*,
    No. 4:19-CV-1118, 2022 WL 508334 (S.D. Tex. Feb. 18, 2022) ...........................................6

*Chamberlain v. Waller Cnty. Asphalt Inc.*,
    No. 4:19-CV-4941, 2023 WL 25380 (S.D. Tex. Jan. 3, 2023)................................................8

*City of Burlington v. Dague*,
    505 U.S. 557 (1992)...........................................................................................................13

*Coleman v. Dretke*,
    409 F.3d 665 (5th Cir. 2005)...............................................................................................14

*D'Costa v. Abacus FoodMart Inc.*,
    No. 4:21-CV-04031, 2023 WL 1094019 (S.D. Tex. Jan. 26, 2023)........................................8

*Fernandes v. Northline Enters., Inc.*,
    No. Civ. H-21-482, 2022 WL 3229510 (S.D. Tex. July 25, 2022) .........................................8

*Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*,
    No. 3:09-CV-0752-D, 2011 WL 487754 (N.D. Tex. Feb. 11, 2011) .....................................10

*Gagnon v. United Techniscource, Inc.*,
    607 F.3d 1036 (5th Cir. 2010) ..............................................................................................9

*Gentry v. Hamilton-Ryker IT Sols., LLC*,
    No. 3:19-CV-00320, 2023 WL 5018432 (S.D. Tex. Aug. 7, 2023) ....................................8, 9

*Giese v. TETRA Techs., Inc.*,
    No. Civ. H-20-2626, 2022 WL 2392038 (S.D. Tex. July 1, 2022) .........................................3

*Gill v. Bullzeye Oilfield Servs., LLC d/b/a Bullzeye Wireline,*
No. 5:15-CV-1166-DAE, 2018 WL 4677902 (W.D. Tex. Jul. 19, 2018) ...............................6

*Gurule v. Land Guardian, Inc.,*
912 F.3d 252 (5th Cir. 2018) ............................................................................2, 15

*Gurule v. Land Guardian, Inc.,*
No. 4:15-CV-03487, 2017 WL 6761821 (S.D. Tex. Oct. 24, 2017), *aff'd*, 912
F.3d 252 (5th Cir. 2018) ...................................................................................4

*Hawk Aircargo, Inc. v. Chao,*
418 F.3d 453 (5th Cir. 2005) ..............................................................................14

*Heidtman v. County of El Paso,*
171 F.3d 1038 (5th Cir. 1999) ............................................................................14

*Hensley v. Eckerhart,*
461 U.S. 424 (1983)..........................................................................................2, 3, 9

*Hernandez v. Hill Country Tel. Co-Op.,*
849 F.2d 139 (5th Cir. 1988) ..............................................................................15

*Humphrey v. United Way of the Texas Gulf Coast,*
802 F. Supp. 2d 847 (S.D. Tex. 2011) ..................................................................4

*Hunt Bldg. Co., Ltd. v. John Hancock Life Ins. Co.,*
No. 11-CV-00295, 2013 WL 12094217 (W.D. Tex. Oct. 3, 2013)........................10

*Johnson v. Georgia Highway Express, Inc.,*
488 F.2d 714 (5th Cir. 1974) ..............................................................2, 7, 13, 14

*Kimberly-Clark Corp. v. Factory Mut. Ins. Co.,*
No. 305-CV-2097-B, 2008 WL 1958998 (N.D. Tex. Apr. 30, 2008) .......................6

*Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB,*
528 F. Supp. 3d 647 (E.D. Tex. 2021).................................................................14

*Louisiana Power & Light Co. v. Kellstrom,*
50 F.3d 319 (5th Cir. 1995) (*per curium*) .........................................................3, 10

*Malick v. NCO Fin. Servs., Inc.,*
No. Civ. H-14-1545, 2015 WL 4078037 (S.D. Tex. July 6, 2015) .........................3

*Martinez v. Costco Wholesale Corp.,*
No. 19-CV-1195, 2020 WL 4697977 (S.D. Cal. Aug. 12, 2020)............................6

*McClain v. Lufkin Indus., Inc.,*
649 F.3d 374 (5th Cir. 2011) ..............................................................................5, 7

*Migis v. Pearle Vision, Inc.*,
   135 F.3d 1041 (5th Cir. 1998) ........................................................................15

*In re Nat'l Lloyds Ins. Co.*,
   532 S.W.3d 794 (Tex. 2017) .............................................................................8

*Neles-Jamesbury, Inc. v. Bill's Valves*,
   974 F. Supp. 979 (S.D. Tex. 1997) ..................................................................4

*Peak Technical Servs., Inc. v. Land & Sea Eng'g, LLC*,
   No. Civ. H-10-1568, 2012 WL 3234203 (S.D. Tex. Aug. 6, 2012) ..................4

*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*,
   478 U.S. 546 (1986) ..................................................................................13, 14

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010) .......................................................................................13

*Prater v. Commerce Equities Mgmt. Co.*,
   No. Civ. H-07-2349, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008) ...................3

*Produce Pay, Inc. v. Amore Produce, LLC*,
   No. 7:20-CV-00293, 2021 WL 5155715 (S.D. Tex. July 21, 2021) ................10

*Riley v. City of Jackson Miss.*,
   99 F.3d 757 (5th Cir. 1996) .............................................................................2

*Rouse v. Target Corp.*,
   181 F. Supp. 3d 379 (S.D. Tex. 2016) .............................................................4

*Saizan v. Delta Concrete Prods. Co., Inc.*,
   448 F.3d 795 (5th Cir. 2006) ...............................................................2, 3, 9, 15

*Sheffield v. Stewart Builders, Inc.*,
   No. Civ. 19-1030, 2021 WL 951897 (S.D. Tex. Mar. 10, 2021) ......................9

*Shipes v. Trinity Indus.*,
   987 F.2d 311 (5th Cir. 1993) ..........................................................................13

*Turn v. FDA*,
   No. 3:23-CV-987-X-BK, 2023 WL 4109782 (N.D. Tex. June 1, 2023) ..........14

*Walker v. City of Mesquite*,
   313 F.3d 246 (5th Cir. 2002) ...........................................................................3

*Walker v. U.S. Dep't of Hous. & Urban Dev.*,
   99 F.3d 761 (5th Cir. 1996) .............................................................................5

*West v. Nabors Drilling USA, Inc.*,
    330 F.3d 379 (5th Cir. 2003) .................................................................15

*West v. Zedric's LLC*,
    No. 19-CV-00556-FB, 2019 WL 6522828 (W.D. Tex. Dec. 3, 2019) ....................................11

**Statutes**

29 U.S.C. § 216 (b) ...............................................................................2

FLSA ............................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 201 ..............................................................................14

Rule 68 ...................................................................................1, 12, 13, 14

Defendant NES Global, LLC ("NES") files this Response in Opposition to Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses Re: The Offer of Judgment Plaintiffs [Dkt. 160] ("Plaintiffs' Motion").[1]

## I.     **INTRODUCTION**

Plaintiffs' Motion seeks attorneys' fees of nearly 150% of the total amount of recovery for seven opt-in plaintiffs who accepted Rule 68 Offers of Judgment: (i) Gregg Hebert; (ii) James Spells; (iii) Mallikarjun Kandula; (iv) Michael Barnholdt; (v) Michael Richardson; (vi) Shayla Klimple; and (vii) Steve Jones (collectively, "OOJ Plaintiffs"). This lofty request is despite the fact that the corresponding attorney time is entirely undocumented, largely unreasonable, and at times excessive. Indeed, Plaintiffs seek $24,180 in fees for the OOJ Plaintiffs who accepted NES's Rule 68 Offers of Judgment over three-and-a-half years ago, *i.e.*, on ___**March 21, 2022**___.[2] Plaintiffs' Motion fails to include any detailed time entries or billing records whatsoever, which is wholly improper for their request for attorneys' fees. Further, Plaintiffs' failure to include any time entries or billing records renders NES and this Court unable to determine the reasonableness with respect to the amount of time expended and the corresponding hourly rate for the claimed work. The vast majority of the time sought by Plaintiffs' counsel consists of paralegal or junior level attorney work despite the fact that Plaintiffs' Motion seeks fees for three senior attorneys with a combined 56 years of experience. Accordingly, the Court should substantially reduce Plaintiffs' request for fees.

---

[1] Although Plaintiffs' Motion is styled as one seeking attorneys' fees, costs, and expenses, it only addresses their request for an award of attorneys' fees.

[2] NES's Offers of Judgment confirmed that the "reasonable and appropriate pro-rata portion of attorneys' fees" portion were "as of the date of [the OOJ Plaintiffs'] acceptance,"*i.e.*, March 21, 2022. (Dkt. 118-1 through 118-7).

## II.  ARGUMENT AND AUTHORITIES

### A.  LEGAL STANDARD.

The FLSA allows prevailing plaintiffs to collect reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). To determine an appropriate attorneys' fees award, courts in the Fifth Circuit first use the "lodestar" method to calculate attorneys' fees by multiplying the number of hours reasonably expended by an appropriate hourly rate for such work. *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 (5th Cir. 2018) (citing *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006)). This calculation, however, must exclude hours spent on "excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). A party requesting attorneys' fees bears the burden of proving that the number of hours and rates billed are reasonable. *Riley v. City of Jackson Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (citing *Hensley*, 461 U.S. at 427). After determining the initial lodestar calculation, the Court may consider whether the amount should be adjusted upward or downward by looking at the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

*Gurule*, 912 F.3d at 258 (quoting *Johnson*, 48 F.2d at 717–19).

### B.  DESPITE IT BEING PLAINTIFFS' BURDEN TO PROVE THE REASONABLENESS OF THE ATTORNEYS' FEES THEY ARE SEEKING, PLAINTIFFS FAILED TO SUBMIT ANY DETAILED TIME RECORDS SUPPORTING THEIR DEMAND FOR FEES.

Despite Plaintiffs' contention that NES somehow bears the burden of disproving the reasonableness of their requested fees (Plaintiffs' Motion at 6-7), it is black letter law that Plaintiffs

bear the burden of proving that their requested fees and rates are reasonable. *See Saizan v. Delta Concrete Prods Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) ("plaintiffs seeking attorneys' fees are charged with the burden of showing the reasonableness of the hours billed, and therefore, also charged with proving they exercised billing judgment.") (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002)); *Giese v. TETRA Techs., Inc.*, No. Civ. H-20-2626, 2022 WL 2392038, at *4 (S.D. Tex. July 1, 2022) (same); *Malick v. NCO Fin. Servs., Inc.*, No. Civ. H-14-1545, 2015 WL 4078037, at *4 (S.D. Tex. July 6, 2015) (Rosenthal, J.) (same). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799. Notably, the "proper remedy for omitting evidence of billing judgment … [warrants] a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Here, Plaintiffs have wholly failed to satisfy their burden because, *inter alia*, they ***failed to submit any billing records whatsoever***, let alone contemporaneous and detailed records, in support of their requested hours. The party seeking attorneys' fees bears the burden of properly documenting the hours spent and must submit competent evidence of those hours. *Hensley*, 461 U.S. at 433; *Prater v. Commerce Equities Mgmt. Co.*, No. Civ. H-07-2349, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008). Plaintiffs must provide billing statements with enough information for the court to discern which fees are reasonably expended and which are not. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (*per curium*) (documentation of attorneys' fees must be sufficient to allow courts to determine reasonable award amount).

Instead of providing ***any*** billing records, Plaintiffs simply point to the total number of hours purportedly expended for a few general categories of tasks – without any reference as to which

attorney (or paralegal or administrative assistant) actually performed the work related to these categories of tasks. (Exhibit 1 to Plaintiffs' Motion at 7) (reproduced below).

| Name | Case/Claim Assesment and Evaluation | Disclosures (confer, evaluate supplementation, etc.) | Individualized Evaluation and Calculation of Damages and Analysis of Deductions from Payroll | Discovery Responses | Client Updates | Total |
|---|---|---|---|---|---|---|
| Gregg Hebert | 1.6 | 0.9 | 1.0 | | 0.2 | 3.7 |
| James Spells | 1.4 | 0.5 | 0.6 | | 0.5 | 3.0 |
| Mallikarjun Kandula | 1.5 | 1.0 | 3.9 | 3.5 | 0.7 | 10.6 |
| Michael Barnholdt | 1.3 | 0.7 | 5.9 | | 0.3 | 8.2 |
| Michael Craig Richardson | 0.9 | 0.4 | 1.3 | | 0.4 | 3.0 |
| Shayla Klimple | 1.5 | 0.4 | 4.6 | | 0.4 | 6.9 |
| Steve Jones | 1.0 | 0.6 | 0.2 | | 0.0 | 1.8 |
| Total | 9.2 | 4.5 | 17.5 | 3.5 | 2.5 | 37.2 |

This chart – clearly compiled after-the-fact – strips NES and the Court of the ability to determine whether the time purportedly spent on these general categories of tasks were reasonable and whether Plaintiffs' counsel exercised billing judgment. *See Humphrey v. United Way of the Texas Gulf Coast*, 802 F. Supp. 2d 847, 865 n.25 (S.D. Tex. 2011) ("Bare descriptions, without any reference to content or purposes, do not demonstrate that the services were necessary and that the amount of time expended was reasonable.").

Due to the lack of evidence as to Plaintiffs' counsel's billing judgment, the Court should exercise its "discretion to deduct a reasonable percentage of the number of hours claimed." *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 388 (S.D. Tex. 2016) (J. Rosenthal) (reducing requested hours by 50%); *Peak Technical Servs., Inc. v. Land & Sea Eng'g, LLC*, No. Civ. H-10-1568, 2012 WL 3234203, at *8 (S.D. Tex. Aug. 6, 2012) (50% reduction); *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 988 n.22 (S.D. Tex. 1997) (50% reduction); *see also Gurule v. Land Guardian, Inc.*, No. 4:15-CV-03487, 2017 WL 6761821, at *4 (S.D. Tex. Oct. 24, 2017), *aff'd*, 912 F.3d 252 (5th Cir. 2018) ("courts frequently reduce the lodestar by 10 to 50 percent" for lack

of billing judgment"). Defendants respectfully submit that a 50% reduction of Plaintiffs' requested hours is appropriate.

## C.    THE HOURLY RATES PROPOSED BY PLAINTIFFS' COUNSEL ARE UNREASONABLE.

The first step in computing the lodestar is determining a reasonable hourly rate. Plaintiffs' Motion seeks to recover a blended rate of $650/hour for all time worked – regardless of who performed the work.

Initially, the Court must keep in mind that the work for which Plaintiffs are seeking attorneys' fees were performed at some point between January 2020 and March 2022 – *more than three-and-a-half years ago*. As such, reasonable hourly rates must be considered for that time period and not as of the present day. For this reason, the rates set forth in the Texas Employment Lawyers Association's 2025 Yearbook are not appropriate guidelines with respect to the setting the reasonable hourly rate for the work performed by Plaintiffs' counsel in 2020-2022.

Next, the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for a reasonable rate. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The Fifth Circuit has interpreted the "relevant community" to mean the *city* in which the district court sits. *See, e.g.*, *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (describing the relevant community as the "Dallas legal market"). Thus, the reasonable rates for Plaintiffs' counsel should be based upon the median rates for labor and employment attorneys in Houston in the 2020-2022 time frame. Plaintiffs' reference to the Laffey Matrix is wholly misguided because the Laffey Matrix is the "primary tool for assessing legal fees in the ***Washington-Baltimore*** area" and as such, has nothing to do with attorneys' fees for FLSA matters in the Houston market. *See* http://www.laffeymatrix.com/index.html (last accessed December 30, 2025) (emphasis added).

Additionally, the Texas Employment Lawyers Association's 2025 Yearbook publication confirms that it does not provide any information as to hourly rates for attorneys by city, but rather, by region, which is necessarily required for purposes of the Court's lodestar analysis here.

Plaintiffs' Motion seeks application of the following inflated hourly rates for three senior attorneys (and no junior attorneys or paralegals): (i) Richard J. Burch: $800; (ii) Carl Fitz: $550; and (iii) David I. Moulton: $650. (Plaintiffs' Motion at 12). Purportedly in support of these high hourly rates to justify a single, blended rate for all time purportedly billed, Plaintiffs' counsel rely on their own self-serving opinions set forth in the declaration of Mr. Burch. Such self-serving statements fail to support Plaintiffs' request for significantly inflated hourly rates. *See e.g.*, *Martinez v. Costco Wholesale Corp.*, No. 19-CV-1195, 2020 WL 4697977, at *4 (S.D. Cal. Aug. 12, 2020) (rejecting proposed hourly rate where counsel "did not produce evidence beyond that of a self-serving declaration" in support thereof); *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, No. 305-CV-2097-B, 2008 WL 1958998, at *9 (N.D. Tex. Apr. 30, 2008) (casting doubt on "counsel's self-serving testimony" in support of fee request).

Further, the fact that Plaintiffs' counsel chose to staff this case with three senior attorneys (with a combined 56 years of legal experience) warrants a further reduction in the requested hourly rates. "Staffing a case with three senior partners with essentially no associates is overstaffing…. When a case is overstaffed, the court may reduce individual attorneys' rates to compensate." *Calsep A/S v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2022 WL 508334, at *5 (S.D. Tex. Feb. 18, 2022). Here, Plaintiffs' counsel's choice to primarily use very senior attorneys on this case "demonstrates unreasonable rates, as [more junior attorneys] could have done much of the work partners performed at lower billing rates." *Id*.; *see also Gill v. Bullzeye Oilfield Servs., LLC d/b/a Bullzeye Wireline*, No. 5:15-CV-1166-DAE, 2018 WL 4677902, at *5

(W.D. Tex. Jul. 19, 2018) (reducing partner's requested rate in FLSA case from $450 to $325 where partner "personally billed approximately 90% of all time claimed, which inevitably included many tasks that could have been performed by less experienced and less expensive attorneys").[3]

Moreover, Plaintiffs' reference to hourly rates charged by defense employment attorneys is irrelevant to the Court's resolution of what constitutes a reasonable fee award for Plaintiffs in this case. Indeed, the Fifth Circuit has soundly rejected any attempt to compare plaintiffs' hourly rates and those charged by defense counsel in employment cases, reasoning as follows:

> No prior Fifth Circuit authority requires this comparison, nor does common experience, ***because the tasks and roles of counsel on opposite sides of a case vary fundamentally***. If there were logical comparability, this court's decisions would have recognized it in the *Johnson* factors or in past lodestar decisions. And if, perchance, defense counsel had charged less in the course of this litigation, plaintiffs would have avoided any paean to comparability…. ***We decline to layer needless complexity in an area in which current law is practical and clear***.

*McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 384 (5th Cir. 2011) (emphasis added); *see also Bliss v. Biocompatibles Int'l PLLC*, No. SA-13-CV-667-XR, 2019 WL 79488, at **2-3 (W.D. Tex. January 1, 2019) (defense counsel's hourly rates "would have little or no benefit to the Court's assessment of the fee request" and "[t]here are too many confounding variables … for even a general comparison between defense counsel's and Relator's counsel's billings to be relevant or beneficial").

Moreover, the Supreme Court of Texas has persuasively detailed the numerous differences that make any comparison between a plaintiff's requested fees and defendant's fees unhelpful:

> (1) the opposing party may freely choose to spend more or less time or money than would be 'reasonable' in comparison to the requesting party; (2) comparisons between the hourly rates and fee expenditures of opposing parties are inapt, as differing motivations of plaintiffs and defendants impact the time and labor spent, hourly rate charged, and skill required; (3) 'the tasks and roles of counsel on opposite sides of a case vary fundamentally,' so even in the same case, the legal services rendered to opposing parties are not fairly

---

[3] Notably, some of the categories of tasks identified in Plaintiffs' Motion consist entirely of work that should have been performed by paralegals. *See infra* at 8-9.

> characterized as 'similar'; and (4) a single law firm's fees and hourly rates do not determine the 'customary' range of fees in a given locality for similar services.

*In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 808 (Tex. 2017). Therefore, Plaintiffs' attempt to rely upon hourly rates charged by defense attorneys, including NES's counsel in other non-FLSA litigation matters, is wholly irrelevant and should be rejected.

It is clear that the requested blended hourly rate $650 for all work performed on this case, regardless of who performed the work, is excessive and not in line with what courts have recently deemed reasonable for FLSA attorneys in Houston. *See, e.g.*, *Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-CV-00320, 2023 WL 5018432, at **3-4 (S.D. Tex. Aug. 7, 2023), *R&R adopted*, 2023 WL 5489046 (S.D. Tex. Aug. 24, 2023) (reasonable rates of $650 for Mr. Burch, $450 for partner with 15 years of experiences, $400 for associate with 12 years of experience); *D'Costa v. Abacus FoodMart Inc.*, No. 4:21-CV-04031, 2023 WL 1094019, at *6 (S.D. Tex. Jan. 26, 2023) ($500 reasonable for Houston plaintiffs' attorney with over 20 years of FLSA experience); *Fernandes v. Northline Enters., Inc.*, No. Civ. H-21-482, 2022 WL 3229510, at *3 (S.D. Tex. July 25, 2022) ($400 reasonable for FLSA plaintiff's attorney in Houston with 16 years of experience).

Finally, without the ability to review any of Plaintiffs' counsel's billing records, it is impossible to determine whether the tasks they performed should have been performed by non-attorneys, such as paralegals, further justifying a lower hourly rate for the time spent performing this work. For instance, calculations of damages and analysis of payroll deductions (the bulk of Plaintiffs' requested hours by far) is the type of work that should be performed by a paralegal – not by attorneys with 28, 20, and 8 years of experience. Indeed, the appropriate hourly rate for paralegal work in Houston is $125 – nowhere near the (more than five times) blended rate of $650 that Plaintiffs seek here for this work. *See, e.g.*, *Chamberlain v. Waller Cnty. Asphalt Inc.*, No. 4:19-CV-4941, 2023 WL 25380, at *3 (S.D. Tex. Jan. 3, 2023) (reasonable paralegal rate is $125);

*Sheffield v. Stewart Builders, Inc.*, No. Civ. 19-1030, 2021 WL 951897, at *5 (S.D. Tex. Mar. 10, 2021) (same).

Accordingly, NES respectfully submits that the following hourly rates should be applied here: (i) Mr. Burch: $650; (ii) Mr. Fitz: $350; and (iii) Mr. Moulton: $400. These hourly rates are based upon a recent decent awards Plaintiffs' counsel reduced fees in a similar FLSA matter (*Gentry*). NES further submits that any tasks that were more appropriately handled by a paralegal (as discussed *supra*) should be charged at an hourly rate of $125, regardless of who actually performed these tasks.

**D.    PLAINTIFFS SEEK PAYMENTS FOR UNREASONABLE HOURS THAT MUST BE REDUCED.**

As discussed above, the party seeking attorneys' fees bears the burden of establishing the reasonableness of hours billed and proving that they exercised billing judgment. *Acosta v. Lifetime Living, Inc.*, No. 7:18-CV-191, 2020 WL 10758975, at *3 (S.D. Tex. Nov. 6, 2020) (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799. Hours that are not billed properly to one's clients are also not billed properly to one's adversary. *Hensley*, 461 U.S. at 434. As set forth herein, Plaintiffs fail to demonstrate the reasonableness of the fees they seek to recover here. Accordingly, NES requests that the Court significantly reduce the amount of fees ultimately awarded to Plaintiffs.

**1.    Plaintiffs' Extremely Vague and Nondescript Hours Should Be Deducted from any Fee Award.**

It is the burden of the requesting party to produce supporting documentation that allows a court to verify the applicant's entitlement to a specific fees award. *Gagnon v. United Techniscource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). Therefore, courts may reduce or eliminate hours from a fee award when the supporting documentation is too vague or incomplete

to permit meaningful review. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995). Vague entries are those that are "not illuminating as to the subject matter" or "vague as to precisely what was done." *Barrow v. Greenville Indep. Sch. Distr.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *11 (N.D. Tex. Dec. 20, 2005), *aff'd*, No. Civ. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). Thus, "[a] party's obligation to properly document hours worked is not satisfied by a vague entry such as 'conference with' or 'call to' a particular person." *Produce Pay, Inc. v. Amore Produce, LLC*, No. 7:20-CV-00293, 2021 WL 5155715, at *4 (S.D. Tex. July 21, 2021) (citing *Hunt Bldg. Co., Ltd. v. John Hancock Life Ins. Co.*, No. 11-CV-00295, 2013 WL 12094217, at *7 (W.D. Tex. Oct. 3, 2013)); *see also Kellstrom*, 50 F.3d at 327 ("Litigants take their chances when submitting such [vague] fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision.").

Plaintiffs seek to recover fees based upon blanket descriptions of services rendered ***without any corresponding billing entries***. Specifically, the only categories of work identified in Plaintiffs' Motion are: (i) "Case/Claim Assessment and Evaluation"; (ii) "Disclosures (confer, evaluate, supplementation, etc."; (iii) Individualized Evaluation and Calculation of Damages and Analysis of Deductions from Payroll"; and (iv) "Discovery Responses." (Exhibit 1 to Plaintiffs' Motion at 7). These vague and uninformative categorical descriptions are devoid of any indication of the subject matter thereof or the attorneys involved. *See Produce Pay, Inc.*, 2021 WL 5155715, at *5 (excluding time spent on redacted entries that only described "email to client," "confer with client," "update client," "email with opposing counsel," *etc.*); *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *7 (N.D. Tex. Feb. 11, 2011) (reducing

attorneys' fees award because descriptions involving correspondence and teleconferences did not specify subject matter or participants); *Barrow*, 2005 WL 6789456, at *11 (finding entries like "review file," "preparation of correspondence," "review correspondence," "phone conference with co-counsel," "legal research," and "review email" were too vague to support an award of attorneys' fees). Plaintiffs also improperly seek to recover fees presumably related to communications between and among counsel for "assessment," confer[ence]," and "evaluat[ion]" without any additional information regarding the actual subject matter of that work or those discussions. *West v. Zedric's LLC*, No. 19-CV-00556-FB, 2019 WL 6522828, at *6 (W.D. Tex. Dec. 3, 2019), *R&R adopted*, 2019 WL 12393458 (W.D. Tex. Dec. 27, 2019) (reducing "various time entries that are duplicative and redundant, such as unnecessary intraoffice conferences"). Thus, Plaintiffs' vague and nondescript categories of work should be eliminated or, at a minimum, substantially reduced from the total attorneys' fees award.

**2.**   Plaintiffs' Counsel's Excessive Time Should Be Reduced.

Despite not having provided any time records, Plaintiffs' chart claims that they spent 3.5 hours preparing OOJ Plaintiff Kandula's discovery responses. (Exhibit 1 to Plaintiffs' Motion at 7). This amount of time is extremely inflated for several reasons. First, OOJ Plaintiff Kandula's written discovery responses consisted of the nearly identical, boilerplate responses as the 14 other opt-in plaintiffs who were selected to participate in discovery, which consisted of a mere: (i) 5 interrogatories; (ii) 19 document requests; and (iii) 6 requests for admission. By way of representative example only, OOJ Plaintiff Kandula's boilerplate objections and responses to NES's First Set of Interrogatories largely mirror those provided by opt-in discovery plaintiffs Michael Johnson and Krishna Pasumarti. *Compare* Exhibit A at 3-4 *with* Exhibit B at 3-4 *with* Exhibit C at 3-4. The same holds true with respect to these discovery plaintiffs' objections and

responses to NES's Request for Documents and First Set of Requests for Admission. *Compare* Exhibit A at 5-11, 12 *with* Exhibit B at 5-11, 12 *with* Exhibit C at 5-11, 12.

Second, OOJ Plaintiff Kandula produced no documents in this case. Third, OOJ Plaintiff Kandula did not sit for a deposition in this matter. Because the total time spent in connection with OOJ Plaintiff Kandula's discovery responses is objectively excessive, the attorney time associated with same should be reduced significantly.

> **3.**    Plaintiffs Cannot Recover Fees for Time Spent on Issues Unrelated to the OOJ Plaintiffs.

Courts "routinely deduct time spent on unsuccessful, unfounded[,] or unnecessary pleadings, motions, discovery requests[,] and memoranda." *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. 5:17-CV-808, 2021 WL 3137421, at \*4 (W.D. Tex. Feb. 22, 2021). Plaintiffs' Motion identifies several events that they contend "occurred prior to the OOJ Plaintiffs' acceptance of their Rule 68 offers of judgment." (Plaintiffs' Motion at 1-2). However, the following list of events either ***never occurred*** in this case, were ***unrelated*** to the OOJ Plaintiffs, or were tasks that were completed ***after*** the OOJ Plaintiffs accepted their offers of judgment and, therefore, are not recoverable per the terms of the Offers of Judgment:

- "Plaintiffs' successful opposition to NES's motion to decertify class"
  - NES never filed a motion to decertify the class.

- "Plaintiffs' successful opposition to NES's motion to reconsider summary judgment"
  - NES never filed a motion to reconsider the Court's summary judgment decision.
  - To the extent Plaintiffs intended to refer to NES's Motion to Reconsider the Court's decision denying NES's Motion to Strike, that occurred ***after*** the OOJ Plaintiffs accepted their Rule 68 Offers of Judgment.

- "Written discovery involving thousands of pay, time, and personnel records."

- o Only one OOJ Plaintiff was a discovery plaintiff in this case required to respond to written discovery. The other OOJ Plaintiffs were not discovery plaintiffs and, therefore, were not required to provide written discovery responses.

- "Fourteen depositions, including preparation, conferences, defending, and taking"

- o Not a single deposition involved any of the OOJ Plaintiffs.

Accordingly, Plaintiffs should not be awarded fees for work that was either never performed or was performed *after* the OOJ Plaintiffs accepted their Rule 68 Offers of Judgment.

**E.    PLAINTIFFS ARE NOT ENTITLED TO AN ENHANCEMENT UNDER THE *JOHNSON* FACTORS; INSTEAD, THE LODESTAR AMOUNT SHOULD BE ADJUSTED DOWNWARD.**

Enhancements based on the *Johnson* factors are rare but may be awarded in exceptional circumstances. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). An enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation. *Id*. at 553. For example, the "result obtained" factor is presumably fully reflected in the lodestar amount and cannot serve as an independent basis for increasing the fee award. *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986). Likewise, the novelty and complexity of a case generally may not be used as a ground for enhancement because those factors presumably are reflected in the number of billable hours recorded by the attorney. *Id*. Also, the contingent nature of a case cannot serve as a basis for enhancement of fees under traditional fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557, 560-67 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 322-23 (5th Cir. 1993). Although Plaintiffs' Motion identifies the twelve "Johnson factors" that the Court should consider when determining whether the lodestar amount should be adjusted upwards or downwards (Plaintiffs' Motion at 5), Plaintiffs' tacitly concede that

13

they are not entitled to any upward adjustment, as they provide absolutely no analysis or application of these factors to the facts at hand. (Plaintiffs' Motion at 14).[4]

Notwithstanding Plaintiffs' Motion's failure to substantively address the *Johnson* factors, NES must address their claim that they are entitled to an upward adjustment of their fees because this matter somehow precluded counsel from other employment for years. (Plaintiffs' Motion at 13). Initially, time limitations and the preclusion of other employment by an attorney generally are subsumed in the lodestar calculation. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043-44 (5th Cir. 1999). The OOJ Plaintiffs accepted their Rule 68 Offers of Judgment just about two years after NES joined this case – a time which spanned the peak of the COVID-19 global pandemic, which hindered litigation across the country for a significant period of time. Further belying any claim that Plaintiffs' counsel was unable to take on additional work or matters as a result of litigating the OOJ Plaintiffs' case is the fact that Plaintiffs' counsel commenced, either separately or together, ***over 340 federal actions*** for just the period of June 2020 through March 21, 2022 (when OOJ Plaintiffs accepted their Rule 68 Offers of Judgment).[5] Thus, Plaintiffs' counsel's contention that their representation in this case precluded them from taking other matters is disingenuous at best, and should not support any upward adjustment of their fees.

---

[4] Plaintiffs' only reference to a *Johnson* enhancement is their fleeting claim that "success is the most important of the *Johnson* factors." (Plaintiffs' Motion at 14). However, this is a misstatement of the law, as the "result obtained" factor cannot serve as an independent basis for increasing the fee award. *Delaware Valley*, 478 U.S. at 565 (1986).

[5] Exhibit D is an index of all federal court actions that were commenced from June 2, 2020 through October 1, 2020 by Plaintiffs' counsel in this matter. Exhibit D consists of cases obtained from public, online docket searches. Accordingly, NES requests that the Court take judicial notice of the cases listed on Exhibit D. *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (judicial notice taken of information on a government website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (same); *Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*, 528 F. Supp. 3d 647, 659 (E.D. Tex. 2021) (courts often take judicial notice of filings and lawsuits as matters of public record); *see also Turn v. FDA*, No. 3:23-CV-987-X-BK, 2023 WL 4109782, at *1 (N.D. Tex. June 1, 2023) (court took judicial notice of fact that plaintiff had previously filed more than 60 lawsuits throughout the country in past two years); FED. R. CIV. P. 201.

The Fifth Circuit has recognized that "proportionality is an appropriate consideration in assessing a fee award." *Gurule*, 912 F.3d at 259 (quoting *Saizan*, 448 F.3d at 802). Although there is no strict proportionality requirement, the amount of damages is certainly relevant to the amount of attorneys' fees to be awarded. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (reversing award of attorneys' fees where resulting fee award was disproportionate to amount of damages awarded); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003) (quoting *Hernandez v. Hill Country Tel. Co-Op.*, 849 F.2d 139, 144 (5th Cir. 1988)). Here, Plaintiffs are seeking *$24,180 in attorneys' fees* in connection with the OOJ Plaintiffs for which they obtained *only $16,683 in damages*. Indeed, the requested attorneys' fees here amount to ***nearly 150% of the OOJ Plaintiffs' total recovery***. Accordingly, Plaintiffs' fees should actually be reduced, not enhanced, because of this disproportionate amount of requested fees as compared to actual recovery for the OOJ Plaintiffs.

### III.    CONCLUSION

For the foregoing reasons, NES Global, LLC respectfully requests that the Court deny Plaintiffs' request for fees in part, significantly reduce the hourly rates requested, reduce the percentage of hours and fees due to Plaintiffs' failure to adequately support their claimed time expended, adjust the lodestar downward based on the disproportionality of the fees to the amount recovered, and otherwise reduce Plaintiffs' fee application in accordance with the requests above. NES also requests all other relief to which it is entitled.

**Dated: December 30, 2025**

                                                 **BAKER & HOSTETLER LLP**

By:  / s /  *Ashlee Cassman Grant*
    Ashlee Cassman Grant, *attorney in charge*
    Texas Bar No. 24082791
    Federal ID No. 1607786
    Jennifer R. DeVlugt
    Federal ID No. 3323698
    Texas Bar No. 24094624
    811 Main Street, Suite 1100
    Houston, Texas 77002
    Phone: (713) 751-1316
    Fax: (713) 751-1717
    agrant@bakerlaw.com
    jdevlugt@bakerlaw.com

    Justin A. Guilfoyle
    45 Rockefeller Plaza
    New York, New York 10111
    Phone: (212) 589-4200
    Fax: (212) 589-4201
    jguilfoyle@bakerlaw.com

    **ATTORNEYS FOR DEFENDANT,
    NES GLOBAL, LLC**

## <u>CERTIFICATE OF SERVICE</u>

On December 30, 2025, I filed the foregoing document with the Clerk of Court for the Southern District of Texas using the CM/ECF method, which has served all counsel of record with a true and correct copy of this document electronically.

/ s /  *Ashlee Cassman Grant*
Ashlee Cassman Grant