UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAY RICHARDSON, individually and on behalf of all others similarly situated,<br><br>v.<br><br>NES GLOBAL, LLC | Civil Action No. 4:20-cv-00223 |

**PLAINTIFFS' REPLY IN SUPPORT OF
ATTORNEYS' FEES FOR THE OOJ PLAINTIFFS**

Michael A. Josephson
Texas Bar No. 24014780
Fed. ID No. 27157
Andrew W. Dunlap
Texas Bar No. 24078444
Fed. ID No. 1093163
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. ID No. 21615
David I. Moulton
Texas Bar No. 24051093
Fed ID No. 608063
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**

**TABLE OF CONTENTS**

1. SUMMARY. ..........................................................................................................................1
2. COUNSELS' RATES ARE REASONABLE IN THE RELEVANT LEGAL MARKET. ...........................2
   A. NES doesn't rebut Counsel's rates, but its lawyers' rates support Counsel's rates. ...........2
   B. Counsel's nationwide practice supports their rates. ................................................5
   C. Counsel's evidence goes far beyond their own declaration. .................................................5
   D. Courts use current rates to account for the delay in payment. ............................................6
   E. Counsel's experience and skill is a plus (reflected by the results obtained). ........................6
3. COUNSEL'S HOURS ARE REASONABLE. ...............................................................................8
   A. NES misrepresents the work required to achieve such phenomenal success. ....................8
   B. Counsel's time is adequately documented. ...............................................................9
4. THE *JOHNSON* FACTORS SUPPORT COUNSEL'S FEES. ......................................................... 11
   A. This case precluded other work. ........................................................................11
   B. There is no proportionality rule, but the high degree of success supports the fees. .........11
5. CONCLUSION. ...................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Adhikari v. Daoud & Partners*,
  2017 WL 5904782 (S.D. Tex. Nov. 30, 2017) .......................................................................... 7

*Alvarez v. McCarthy*,
  No. 20-50465, 2022 WL 822178 (5th Cir. Mar. 18, 2022) ..................................................... 2

*Apache Deepwater, LLC v. W&T Offshore, Inc.*,
  2017 WL 6326141 (S.D. Tex. May 31, 2017) ........................................................................ 7

*Bargher v. White*,
  928 F.3d 439 (5th Cir. 2019) .................................................................................................. 6

*BMC Software, Inc. v. Int'l Bus. Machines Corp.*,
  2022 WL 3156220 (S.D. Tex. Aug. 8, 2022) .......................................................................... 7

*Calsep A/S v. Intelligent Petroleum Software Solutions*,
  2022 WL 508334 (S.D. Tex. Feb. 18, 2022) .......................................................................... 7

*Chevron Intell. Prop. LLC v. Sariel Petroleum LLC*,
  2020 WL 12442010 (S.D. Tex. July 23, 2020) ....................................................................... 7

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986) ............................................................................................................... 2

*Combs v. City of Huntington, Tex.*,
  829 F.3d 388 (5th Cir. 2016) ................................................................................................ 12

*Dallas Indep. Sch. Dist. v. Woody as Next Friend of K.W.*,
  No. 3:15-CV-1961-G, 2018 WL 6304401 (N.D. Tex. Nov. 30, 2018) ................................... 4

*Dallas/Fort Worth Int'l Airport Bd. v. INet Airport Sys., Inc.*,
  819 F.3d 245 (5th Cir. 2016) .................................................................................................. 6

*Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*,
  526 F.2d 865 (5th Cir. 1976) .................................................................................................. 5

*D'Costa v. Abacus FoodMart Inc.*,
  No. 4:21-CV-04031, 2023 WL 1094019 (S.D. Tex. Jan. 26, 2023) ....................................... 3

*Doe v. Eisenberg*,
  2021 WL 4310601 (S.D. Tex. July 23, 2021) ........................................................................ 7

*El-Kaissi v. Martinaire, Inc.*,
  No. CIV.A. L-03-132, 2005 WL 2897055 (S.D. Tex. Nov. 3, 2005) ..................................... 1

*Est. of Gentry v. Hamilton-Ryker IT Sols., LLC,*,
  2023 WL 50184*9 (S.D. Tex. Aug. 7, 202 ............................................................................. 3

*Fernandes v. Northline Enters., Inc.*,
  No. CV H-21-482, 2022 WL 3229510, n. 2 (S.D. Tex. July 25, 2022) .................................. 3

*Gonzalez v. Wormuth*,
  No. 2:19-CV-00222, 2023 WL 11915739 (S.D. Tex. Aug. 17, 2023) ................................... 7

*Gurule v. Land Guardian, Inc.*,
  912 F.3d 252 (5th Cir. 2018) .......................................................................................... 11, 12

*Gusman v. Unisys Corp.*,
  986 F.2d 1146 (7th Cir. 1993) ................................................................................................ 5

*Guzman v. Allstate Assurance Co.*,
  18 F.4th 157 (5th Cir. 2021) ............................................................................................... 5, 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................... 1, 2, 9
*Hilton v. Exec. Self Storage Assocs., Inc.*,
    No. CIV.A. H-06-2744, 2009 WL 1750121 (S.D. Tex. June 18, 2009) .................................. 5
*Hudson v. Bd. of Regents of Texas S. Univ.*,
    No. CIV.A. 4:05-CV-03297, 2009 WL 6496547 (S.D. Tex. Mar. 10, 2009) ......................... 2
*In re Syngenta Prod. Liab. Litig.*,
    2024 WL 2835167 (S.D. Tex. May 20, 2024) ....................................................................... 6
*Islamic Center of Mississippi, Inc. v. City of Starkville*,
    876 F.2d (5th Cir. 1989) ......................................................................................................... 2
*Jane Roe/Rachel V. Rose v. BCE Technology Corp.*,
    2014 WL 1322979 (S.D. Tex. 2014) ..................................................................................... 8
*Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*,
    553 F.3d 487 (7th Cir. 2009) ................................................................................................. 5
*Johnson v. Ga. Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ............................................................................................... 11
*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ............................................................................................... 11
*League of United Latin Am. Citizens (LULAC) v. Roscoe ISD*,
    119 F.3d 1228 (5th Cir. 1997) ............................................................................................. 10
*Lester v. Wells Fargo Bank, N.A.*,
    805 F. App'x 288 (5th Cir. 2020) ........................................................................................... 6
*Louisiana Power & Light Co. v. Kellstrom*,
    50 F.3d 319 (5th Cir. 1995) ................................................................................................... 9
*Lyle v. Food Lion, Inc.*,
    954 F.2d 984 (4th Cir. 1992) ................................................................................................. 2
*Martinez v. Holzknecht*,
    No. CIV.A. 5-09-135, 2010 WL 4237534 (S.D. Tex. Oct. 21, 2010) .................................... 1
*McClain v. Lufkin Indus., Inc.*,
    649 F.3d 374 (5th Cir. 2011) ............................................................................................. 2, 7
*Migis v. Pearle Vision, Inc.*,
    135 F.3d 1041 (5th Cir. 1998) ............................................................................................. 12
*Miniex v. Houston Hous. Auth.*,
    No. CV 4:17-0624, 2019 WL 4920646 (S.D. Tex. Sept. 13, 2019) ....................................... 5
*Nat'l Lloyds Ins. Co.*,
    532 S.W.3d 794 (Tex. 2017) .................................................................................................. 8
*NRA v. City of Chi.*,
    871 F.Supp.2d 781 (N.D. Ill. 2012) ....................................................................................... 5
*Olibas v. Native Oilfield Servs., LLC*,
    104 F. Supp. 3d 791 (N.D. Tex. 2015) ................................................................................ 10
*Pena Arita v. Cnty. of Starr, Texas*,
    No. 7:19-CV-00288, 2020 WL 5505929 (S.D. Tex. Sept. 11, 2020) .................................... 1
*Perdue v. Kenny A.*,
    559 U.S. 542 (2010) ............................................................................................................... 6
*Saizan v. Delta Concrete Prods. Co.*,
    448 F.3d 795 (5th Cir. 2006) ............................................................................................... 12
*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
    685 F.3d 486 (5th Cir. 2012) ................................................................................................. 6

*Steele v. Leasing Enters., Ltd.*,
  826 F.3d 237 (5th Cir. 2016) ..................................................................................................1
*Taylor v. Citibank, N.A.*,
  No. 4:23-CV-3799, 2024 WL 5454645 (S.D. Tex. Dec. 3, 2024) ..........................................1
*United States v. Health Mgmt. Sys., Inc.*,
  No. 4:21-CV-02024, 2024 WL 3392332 (S.D. Tex. May 23, 2024) ......................................7
*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
  No. CV H-23-2961, 2024 WL 3856797 (S.D. Tex. Aug. 13, 2024) ......................................6
*Walker v. U.S. Dep't of Hous. & Urb. Dev.*,
  99 F.3d 761 (5th Cir. 1996) ....................................................................................................6
*West v. Nabors Drilling USA, Inc.*,
  330 F.3d 379 (5th Cir. 2003) ................................................................................................12

**Statutes**

29 U.S.C. § 216(b) ..........................................................................................................................1

### REPLY IN SUPPORT OF THE OOJ PLAINTIFFS' FEE MOTION

**1. Summary.**

This one's easy. Most obviously, NES blew its deadline for responding. The OOJ Plaintiffs filed their motion on December 8, 2025, making NES's response due by December 29. Doc. 160; LR 7.3 ("Opposed motions will be submitted to the judge 21 days from filing") & 7.4 ("Responses to motions … [m]ust be filed by the submission day"). NES filed its response on December 30, without any explanation or request for additional time. *See* Doc. 163. Its untimely response is appropriately treated as a representation of no opposition. LR 7.4; *Taylor v. Citibank, N.A.*, No. 4:23-CV-3799, 2024 WL 5454645, at *1 (S.D. Tex. Dec. 3, 2024) ("failure to respond to a motion by the submission day is taken as a representation of no opposition"); *Martinez v. Holzknecht*, No. CIV.A. 5-09-135, 2010 WL 4237534, at *3 (S.D. Tex. Oct. 21, 2010) (summary judgment motion treated as unopposed when response filed 8 days late without explanation or seeking leave of court); *El-Kaissi v. Martinaire, Inc.*, No. CIV.A. L-03-132, 2005 WL 2897055, at *1 (S.D. Tex. Nov. 3, 2005) (adopting recommendation to strike untimely opposition to motion for summary judgment); *see also Pena Arita v. Cnty. of Starr, Texas*, No. 7:19-CV-00288, 2020 WL 5505929, at *1 (S.D. Tex. Sept. 11, 2020) (striking untimely reply brief under LR 7.4).

Regardless, the OOJ Plaintiffs' exceptional results justify their modest fee request. When setting the lodestar, "the result is what matters." *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). And the OOJ Plaintiffs recovered almost 250% of their unpaid wages under a two-year limitations period under the FLSA. Doc. 160 at 7 ($16,683 awarded for $6,755 in unpaid wages).

As prevailing parties under the FLSA, the seven OOJ Plaintiffs are entitled to reasonable attorneys' fees. *See* 29 U.S.C. § 216(b); *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) ("reasonable attorney's fees are mandatory when a court finds an employer has violated [the FLSA]") (cleaned up). The OOJ Plaintiffs' requested fee of $24,180 is based on a lodestar of 37.2 hours—an

average of less than 5.5 hours per plaintiff—at a blended hourly rate of $650. Doc. 160 at 12. NES's main excuse for not paying fees is the OOJ Plaintiffs didn't individually bill their time separately from the other 164 plaintiffs in this case. Doc. 163 at 8-11; 16-17.[1] Such detail is not feasible and it is error to require it. *See, e.g. Hensley,* 461 U.S. 424 at 435 (when determining lodestar in litigation involving several related claims, it is error to consider them "as a series of discrete claims").

**2. Counsels' rates are reasonable in the relevant legal market.**

Because the FLSA promotes "enforcement of important federal labor policies," courts "interpret its attorney's fees provisions following the principles governing the award of such fees under § 1988." *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). And the Supreme Court has made clear that fee awards in such cases are to be "governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature." *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986). So rates charged for other types of litigation (especially employment litigation) are relevant for setting a reasonable rate in this case. *Id.* "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market. The relevant legal market, in turn, is generally the community in which the district court sits." *Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022) (cleaned up); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

**A. NES doesn't rebut Counsel's rates, but its lawyers' rates support Counsel's rates.**

NES's response wholly fails to rebut Counsel's evidence that their rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Hudson v. Bd. of Regents of Texas S. Univ.*, No. CIV.A. 4:05-CV-03297, 2009 WL 6496547, at *1 (S.D. Tex. Mar. 10, 2009) (citing *Islamic Center of Mississippi, Inc. v. City of Starkville,* 876

---

[1] In addition to the OOJ Plaintiffs, 164 other plaintiffs joined and remained in the case and were awarded judgment separate from the OOJ Plaintiffs. *See* Doc. 158 (Judgment for the 7 OOJ Plaintiffs); Doc. 159 (Judgment for the 164 summary judgment plaintiffs).

2

F.2d 469 (5th Cir. 1989) (abrogated on other grounds). NES doesn't offer any declarations or cite to any publications or reports about what is reasonable. Doc. 163.

NES cites a case where the OOJ Plaintiffs' Counsel requested a reduced rate—expressly stating at the time it was a reduced rate—and two other cases involving one Houston lawyer in uncontested matters. Doc. 163 at 14. In *Gentry*, Counsel offered a below market rate to encourage settlement and reduce litigation over fees and included work performed almost 6 years ago. *See Gentry v. Hamilton-Ryker IT Solutions, LLC,* No. 3:19-cv-00320 (S.D. Tex.), Doc. 95-2 at ¶ 11 ("In my experience, $650 per hour is below the market rate for a lawyer of reasonably comparable skill, experience, and reputation."). But the same lawyers insisted on contesting even that reduced rate, and lost. *Est. of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-CV-00320, 2023 WL 5018432, at *9 (S.D. Tex. Aug. 7, 2023), *adopted,* No. 3:19-CV-00320, 2023 WL 5489046 (S.D. Tex. Aug. 24, 2023)

The only other cases NES cites involve the same Houston lawyer, litigating single plaintiff cases against small employers, in uncontested motions, one of which doesn't even determine the fee. *See D'Costa v. Abacus FoodMart Inc.*, No. 4:21-CV-04031, 2023 WL 1094019, at *9 (S.D. Tex. Jan. 26, 2023), *adopted,* No. 4:21-CV-04031, 2023 WL 2088424 (S.D. Tex. Feb. 13, 2023) (order on motion for default judgment reserving decision on fees until after final judgment and acknowledging limited success); *Fernandes v. Northline Enters., Inc.*, No. CV H-21-482, 2022 WL 3229510, at *5, n. 2 (S.D. Tex. July 25, 2022), *adopted,* No. CV H-21-482, 2022 WL 3227872 (S.D. Tex. Aug. 9, 2022) (fees awarded in uncontested summary judgment motion). That's hardly a recipe for determining the prevailing rate among lawyers of similar skill, experience, and reputation in this contested case. NES offers nothing persuasive on rates in its untimely response, so the Court should adopt the reasonable and well-supported rates proposed by Counsel.

Other cases in this District demonstrate Counsel's rates are reasonable. The relevant legal market isn't confined to one side of the docket—so it's no surprise that comparison to opposing

3

counsels' rates is fair game when deciding whether rates are reasonable. *Dallas Indep. Sch. Dist. v. Woody as Next Friend of K.W.*, No. 3:15-CV-1961-G, 2018 WL 6304401, at *7 (N.D. Tex. Nov. 30, 2018) (collecting cases) ("a number of courts throughout the Fifth Circuit have found that such a comparison is helpful in determining whether a fee rate is reasonable"). For example, we know NES's lead lawyer, licensed in 2010, was billing $625 per hour, in Houston, back in 2021.

Case 21-31070   Document 282-2   Filed in TXSB on 07/21/21   Page 1 of 2
**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT GROUP OR SECTION | DATE OF FIRST ADMISSION[1] | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN FIRST INTERIM APPLICATION | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| Benson, Glenn S | Partner | Litigation | 1993 | $33,962.50 | 47.50 | $715 | $715 | 0 |
| Donaho, Thomas A | Partner | Litigation | 2011 | $19,392.00 | 30.30 | $640 | $640 | 0 |
| Esmont, Joseph M | Partner | Bankruptcy | 2008 | $15,288.00 | 27.30 | $560 | $560 | 0 |
| Geyer, Tiffany Payne | Partner | Bankruptcy | 2000 | $2,178.00 | 4.40 | $495 | $495 | 0 |
| Grant, Ashlee C. | Partner | Employment | 2010 | $312.50 | 0.50 | $625 | $625 | 0 |

*See In re: Entrust Energy, Inc.*, No. 21-31070 (S.D. Tex) at ECF 282-2, p. 1. Adjusted for inflation only and ignoring all other upward pressure, including better results and increased experience, her rate today would be $742. *See* CPI Inflation Calculator (between July 2021 and November 2025, the last month for which data is available). Her Houston colleague Mark Temple's "standard hourly rate [was] $1,185" as of September 14, 2023.[2] *See Alvarez v. NES Global, LLC*, No. 4:20-cv-01933 (S.D. Tex.) at ECF 174-1, p. 33, ¶ 11. (M. Temple Decl.). Justin Guilfoyle's "customary hourly rate [was] $745, which firm clients are billed and who pay this rate for [his] legal services." *Id.* at p. 40, ¶ 10 (J. Guilfoyle Decl.). NES's suggestion that Counsel—who billed at considerably lower rates—should bill even less is unconvincing.

---

[2] Plaintiffs' counsel recognize Mr. Temple is a fine lawyer. Indeed, because Mr. Temple is an "above average" attorney that his rate is properly considered for comparison.

4

### B. Counsel's nationwide practice supports their rates.

The "relevant legal market" for setting rates "refer[s] to a community of practitioners; particularly when, as is arguably the case here, the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." *Miniex v. Houston Hous. Auth.*, No. CV 4:17-0624, 2019 WL 4920646, at *5 (S.D. Tex. Sept. 13, 2019) (citing *Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009)). NES's report of 340+ wage and hour cases filed by Counsel in federal courts between June 2020 and March 2022 all over the country demonstrates this applies to Counsel. Doc. 163-4 at 2-34. NES's report understates the depth of Counsel's nationwide practice because it does not include state courts or arbitrations. *Id.* And NES does not even argue lawyers billing the below-market rates it urges "would have come to this case with credentials comparable to Plaintiffs' Counsel." S*ee NRA v. City of Chi.,* 871 F.Supp.2d 781, 786–87 (N.D. Ill. 2012) (quoting *Gusman v. Unisys Corp.,* 986 F.2d 1146, 1150 (7th Cir. 1993) ("Lawyers do not come from cookie cutters … Clients are willing to pay more, per hour, for these better lawyers … Markets recognize these truths; judges must too.")).

### C. Counsel's evidence goes far beyond their own declaration.

Instead of offering its own evidence, NES complains the OOJ Plaintiffs' evidence is limited to self-serving declarations, which not only grossly mischaracterizes the evidence, but ignores the Court can rely on its own expertise and appraisal. *Hilton v. Exec. Self Storage Assocs., Inc.,* No. CIV.A. H-06-2744, 2009 WL 1750121, at *9 (S.D. Tex. June 18, 2009) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976)); Doc. 160-1 at ¶¶ 6-7 (citing several opinions praising Counsel's work and reputation). Counsel demonstrated the reasonableness of their rates by citing multiple cases and 4 publications, including TELA's Yearbook, which in turn, cites dozens of cases. *Id.* at ¶¶ 22-23. NES's objection falls flat because any evidence offered in support of a party's own position "will inevitably appear 'self-serving.'" *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th

5

Cir. 2021). Therefore, "self-serving evidence may not be discounted on that basis alone." *Id.* (citing *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019) ("Simply being 'self-serving,' however, does not prevent a party's assertions from creating a dispute of fact."); *Dallas/Fort Worth Int'l Airport Bd. v. INet Airport Sys., Inc.*, 819 F.3d 245, 253 n. 14 (5th Cir. 2016); *see also Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (collecting cases and holding that "[a] nonconclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated")); *see also, Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012) ("The affidavits of counsel may alone be sufficient proof for purposes of Rule 37 to establish the amount of fees to be awarded.").

### D. Courts use current rates to account for the delay in payment.

NES argues, without citing any authority, that Counsel's rates should be those prevailing in 2020–2022 (when the work was done) rather than today's rates. Doc. 163 at 11. But the Supreme Court and Fifth Circuit approve using current rates to compensate for the delay in receiving payment, especially in cases (like this one) that span multiple years. *See Perdue v. Kenny A.*, 559 U.S. 542, 556 (2010) (courts compensate delay with current rates or time-value adjustments); *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 773 (5th Cir. 1996) (same). Counsel's blended rate of $650, which is based on current rates, is appropriate. Doc. 160-1 at ¶ 25.

### E. Counsel's experience and skill is a plus (reflected by the results obtained).

Counsel's rates are reasonable even if limited to Houston litigators, particularly those working within a specialized field that requires expertise beyond general legal work, which is the case here. *See In re Syngenta Prod. Liab. Litig.*, No. 4:23-CV-03031, 2024 WL 2835167, at *3 (S.D. Tex. May 20, 2024), *adopted,* No. 4:23-CV-03031, 2024 WL 2836254 (S.D. Tex. June 4, 2024) (awarding $950 per hour for partner with "18 years of experience handling complex multidistrict litigation"). Recent awards in other complex cases confirm Counsel's rates are reasonable. *VDPP, LLC v. Volkswagen Grp. of Am.,*

6

*Inc.*, No. CV H-23-2961, 2024 WL 3856797, at *2 (S.D. Tex. Aug. 13, 2024) (awarding "$979 per hour for the lead lawyer; $825 per hour for an of-counsel lawyer; and $600 for local counsel"); *United States v. Health Mgmt. Sys., Inc.*, No. 4:21-CV-02024, 2024 WL 3392332, at *5 (S.D. Tex. May 23, 2024) (awarding $600 per hour in FCA case and collecting Southern District of Texas cases awarding $600 per hour); *Gonzalez v. Wormuth*, No. 2:19-CV-00222, 2023 WL 11915739, at *1–2 (S.D. Tex. Aug. 17, 2023) (awarding $675 an hour in employment discrimination case to lawyer licensed in 2011).[3]

But NES argues Counsel's experience and skill justifies below-market rates. Doc. 161 at 12-15. NES even says it would leave analysis of its unlawful payroll practices and evaluation of damages up to paralegals or junior lawyers, but that's an example of how opposite sides of a case will value the worth of services differently because "the tasks and roles of counsel on opposite sides of a case vary fundamentally." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 384 (5th Cir. 2011). To ensure the OOJ individual rights are protected necessitated individualized evaluation and analysis of their claims and offers against payroll records, deposition transcripts, and discovery responses. Doc. 160-1 at ¶ 24. Counsel viewed these tasks of utmost importance for the OOJ Plaintiffs, whose claims depended upon detailed analysis of thousands of confusing records and comparing and distinguishing NES's

---

[3] *See also Calsep A/S v. Intelligent Petroleum Software Solutions*, 2022 WL 508334 at *5 (S.D. Tex. Feb. 18, 2022) (finding a rate of $700 for partners and $500 for mid-level associates reasonable in trade secrets litigation resolved on default judgment); *Chevron Intell. Prop. LLC v. Sariel Petroleum LLC*, 2020 WL 12442010, at *2-3 (S.D. Tex. July 23, 2020) (finding hourly rates of $738.09, $709.73, $633.00, $608.98 reasonable for four Houston attorneys in complex civil litigation); *Doe v. Eisenberg*, 2021 WL 4310601, at *2 (S.D. Tex. July 23, 2021) (finding hourly rates of $825, $494, and $443 reasonable for attorneys in revenge porn case); *Apache Deepwater, LLC v. W&T Offshore, Inc.*, 2017 WL 6326141, at *7 (S.D. Tex. May 31, 2017), *aff'd sub nom. Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647 (5th Cir. 2019) (finding hourly rates ranging from $746.50 to $125 reasonable in litigation involving a contractual dispute); *BMC Software, Inc. v. Int'l Bus. Machines Corp.*, 2022 WL 3156220, at *6 (S.D. Tex. Aug. 8, 2022) (finding reasonable the rates for eleven partners, two counsel, eighteen associates, and three legal assistants, based on their 2017 rates, ranging from $165 per hour to $885 per hour in suit involving claims of breach of contract, tortious interference, and misappropriation of trade secrets); *Adhikari v. Daoud & Partners*, 2017 WL 5904782, at *14 (S.D. Tex. Nov. 30, 2017) (Ellison, J.) (finding reasonable hourly rates of $910 (executive committee member), $790 (senior partner), $745 (attorney-in-charge), $745 (contract attorney), $375 (fellows) of a Washington, D.C. law firm in human rights lawsuit in Houston, Texas alleging human trafficking).

practices to several other cases. *See, e.g.*, Doc. 146, Memorandum and Order, at 10-16. Unsurprisingly, the OOJ Plaintiffs chose to allocate their best attorney resources as they saw fit and the results speak for themselves. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 808 (Tex. 2017) ("comparisons between the hourly rates and fee expenditures of opposing parties are inapt, as differing motivations of plaintiffs and defendants impact the time and labor spent, hourly rate charged, and skill required.").

There is no serious argument that Counsel's rates are unreasonable. Counsel's blended rate—$650—is significantly less in today's dollars than a $600 rate **eleven years ago** in Houston. *Jane Roe/Rachel V. Rose v. BCE Technology Corp.,* 2014 WL 1322979, at *3 (S.D. Tex. **2014**) (hourly rates up to $600 reasonable).

3. **Counsel's hours are reasonable.**

   A. **NES misrepresents the work required to achieve such phenomenal success.**

   NES's untimely response grossly misstates the record by, *inter alia*, claiming NES never troubled moved to decertify or for reconsideration of summary judgment. *See, e.g.* Docs. 99 (NES's "Motion for Summary Judgment or, in the Alternative, **Motion for Decertification**); 106 (Pls.' Resp. to NES's Motions for SJ and **Decertification**); 110 (NES's Reply ISO SJ and **Decertification**); 146 (Order finding "There is **no basis to decertify** the conditionally certified class of plaintiffs."); 148 (NES's "Motion for **Reconsideration**" of SJ); 150 (Pls.' Opp. to NES's Motion for **Reconsideration**); 151 (NES's Reply ISO **Reconsideration**); 152 (Order denying NES's Motion for **Reconsideration**). NES is also wrong to suggest that fourteen depositions (and other discovery) didn't involve any of the OOJ Plaintiffs, when Kandula was subject to discovery and answered discovery, as NES admits. Doc. 163 at 17-18. While Kandula didn't ultimately have documents to produce, the billing for his discovery responses (a miniscule 3.5 hours) reflects that reality. Doc. 160-1 at ¶ 24. Whether the OOJ Plaintiffs (or any of the other 164 Plaintiffs) were called out by name outside of their own depositions is irrelevant. It's absurd for NES to suggest it would have made

8

offers of judgment even if the depositions undercut the OOJ Plaintiffs' claims. If the result obtained for the OOJ Plaintiffs were independent of discovery and successful motion practice, NES would have made the offers before Counsel put in that work.

NES further misrepresents the billing summary for the OOJ Plaintiffs as including work performed after offers of judgment were accepted or work unrelated to their claims. Doc. 163 at 18-19. However, the summary describes work performed for individual OOJ Plaintiffs **before** the offers were accepted. *See* Doc. 160-1 at ¶ 24. For all seven OOJ Plaintiffs combined, Counsel is only seeking compensation for time spent on: individual claim assessment/evaluation (9.2 hours total); individual disclosures (which the OOJ Plaintiffs were subject to without regard to whether they ultimately produced documents) (4.5 hours total); "individualized evaluation and calculation of damages and analysis of deductions from payroll" (17.5 hours total); discovery responses (3.5 hours total); and client updates (2.5 hours total). *Id.* On average, each OOJ Plaintiff seeks only 5.3 hours. *Id.* These entries are sufficiently detailed to make it abundantly clear that they do not include time spent generally on behalf of all the plaintiffs, time devoted to summary judgment, opposing decertification, opposing reconsideration of summary judgment, etc. *Id.*

### B. Counsel's time is adequately documented.

NES argues the Court should deny or drastically cut fees because Plaintiffs did not submit contemporaneous billing records for each task by Plaintiff. Doc. 163 at 8-11; 16-17. But that's not required. While a fee applicant bears the burden of showing the reasonableness of the hours billed, this does **not** mandate attaching every timesheet or creating a minute-by-minute accounting. *See Hensley*, 461 U.S. at 437 n.12 (fee applicant "is not required to record in great detail how each minute of his time was expended," but should identify the general subject matter of work). Records need only be detailed enough to allow the Court to gauge what was done and why that time was necessary. *Id.*; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) ("Failing to provide

9

contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours."). Courts understand billing descriptions will not "describe in excruciating detail" every aspect of the work, and that practical limits exist on how much information can or should be provided. *See League of United Latin Am. Citizens (LULAC) v. Roscoe ISD*, 119 F.3d 1228, 1233 (5th Cir. 1997) (due to practical considerations, attorneys need not "write a book" in their time entries). The focus is on whether the documentation **as a whole** is detailed enough to permit a reasonableness review. *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 811–12 (N.D. Tex. 2015) ("Requiring counsel to provide more detail than they already included would be unnecessarily burdensome under these circumstances.").

The OOJ Plaintiffs' time summaries meet these standards. *See* Doc. 160-1, Burch Decl. at ¶ 24. Counsel provided a chart summarizing the total hours expended on specific categories of work for the OOJ Plaintiffs, along with a declaration from counsel attesting to the accuracy of the hours and their necessity. *Id.* The chart identifies five primary task categories and allocates hours to each category for each OOJ Plaintiff. For example, it shows Jones had 1.8 hours of attorney time, broken down into sub-tasks including 1 hour for case/claim assessment and evaluation; 0.6 hours for disclosures; 0.2 hours for evaluation and calculation of damages and analysis of deductions from payroll, and nothing for discovery responses or client updates. *Id.* How much more time should be spent proving the reasonableness of less than 2 hours of attorney time?

Similar breakdowns are provided for the other OOJ Plaintiffs. *Id.* This is far more informative than the "vague" entries NES compares to (like simply writing "review file" or "phone conference with co-counsel"). Doc. 163 at 17. Instead, Counsel's chart describes *what* was done: *e.g.*, time spent on "individualized evaluation and calculation of damages and analysis of deductions from payroll" for each plaintiff—plainly referring to individually evaluating each OOJ Plaintiff's claim as was necessary to fully evaluate individual offers of judgment. Doc. 160-1 at ¶ 24. And the Court can tell

10

that counsel spent, on average, 2.5 hours per person analyzing damages and pay data, which is reasonable given the importance of that analysis to the claims involved and the volume of payroll records, discovery responses, and depositions involved in that analysis. *Id.* Likewise, 3.5 hours for "Discovery responses" means preparing Kandula's objections and responses to NES's interrogatories, requests for production, and RFAs. *See, e.g.*, Doc. 163-1 (5 Interrogatories, 19 Requests for Production, and 6 Requests for Admission). These descriptions are sufficiently clear to describe what was done and their necessity.

### 4. The *Johnson* factors support Counsel's fees.

#### A. This case precluded other work.

NES misunderstands the *Johnson* factor related to preclusion from other employment. NES claims because Counsel filed 340+ cases in federal courts in 2020-2022, Counsel couldn't have done more if they weren't so tied up with this one. Doc. 163 at 20. The court in *Johnson* did not look at whether counsel was *totally unable* to take *any* other work—just at the lost opportunities due to the hours and efforts expended on the case at issue. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974) (considering "that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes."). Counsel spent hours on this case that, necessarily, could not be devoted to pursuing other cases and opportunities. That's the loss of time this factor analyzes. *Id.*

#### B. There is no proportionality rule, but the high degree of success supports the fees.

While NES argues for a rule of proportionality as one of the *Johnson* factors, it isn't one. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Instead, the Fifth Circuit has "consistently emphasized that there is no per se requirement of proportionality in an award of attorney fees." *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 259 (5th Cir. 2018). The court in *Gurule* affirmed a fee award that was *thirty-three times* the plaintiff's net recovery, emphasizing that the district

11

court "appropriately considered the relationship between the amount of the fee awarded and the results obtained" and that "it would be an abuse of discretion for the district court to reduce [the] attorney's fee award solely on the basis of the amount of damages obtained." *Id.* at 260.

In *Migis* (cited by NES) the court reversed a fee award because the district court failed to adequately consider the plaintiff's limited success, not because the fee was disproportionate per se. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (reversing fee award greater than 6.5 times the recovery when the recovery sought was 26 times what was actually awarded). As the Fifth Circuit later clarified in *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 397 (5th Cir. 2016), "*Migis* does not impose a strict proportionality requirement." Rather, the error was the district court's "meager 10% reduction of the fee award" despite the plaintiff's minimal recovery. *Id.* Similarly, *West* does not require proportionality, rather the court ordered the fee award be reconsidered because the reversal of back pay and liquidated damages could result in a judgment that is "materially less" successful than originally awarded. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003).

In the Fifth Circuit, the "most critical factor in determining an attorney's fee award is the degree of success obtained." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Here, Plaintiffs obtained an exceptional recovery almost equal to 250% of their unpaid wages. Doc. 160 at 7 ($16,683 recovery for $6,755 in unpaid wages). The small number of hours expended to obtain that result for seven workers, multiplied by Counsel's reasonable rates, adequately justify the modest fee requested for the OOJ Plaintiffs.

**5. Conclusion.**

NES didn't respond to Plaintiffs' motion for fees on time, so it should be granted as unopposed. LR 7.3, 7.4. But even if NES had responded on time, it fails to make any meaningful objections to Counsel's rates. And NES's complaints about the time summaries are unfounded because

Counsel adequately documented and described the work. Accordingly, the Court should award the OOJ Plaintiffs $24,180 in fees.

Dated: January 5, 2026.                                    Respectfully submitted,

                                                  **BRUCKNER BURCH PLLC**

                                                  **/s/ David I. Moulton**
By: _____
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Fed. ID No. 21615
    David I. Moulton
    Texas Bar No. 24051093
    Fed. ID No. 608063
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**AND**

**Michael A. Josephson**
Texas Bar No. 24014780
Fed. ID No. 27157
**Andrew W. Dunlap**
Texas Bar No. 24078444
Fed. ID No. 1093163
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

### CERTIFICATE OF SERVICE

On January 5, 2026, I served a copy of this document on all registered parties and/or their counsel of record via the Court's CM/ECF system.

                                                  **/s/ David I. Moulton**
                                              _____
                                              David I. Moulton